IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-629-FL

DEANNA HICKS, on behalf of herself and )
others similarly situated, )
)
Plaintiff, )
)
v. )
)
HOUSTON BAPTIST UNIVERSITY, )
)
Defendant. )

**ORDER**

This case, arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), comes before the court on a motion (D.E. 42) with an incorporated memorandum[1] by plaintiff Deanna Hicks ("plaintiff") seeking an order compelling defendant Houston Baptist University ("defendant") to respond to discovery sought in plaintiff's first set of interrogatories and first requests for production of documents, and compelling defendant's marketing agent, nonparty Educate Online, Inc. ("Education Online")[2] to respond to a deposition subpoena *duces tecum* seeking similar discovery. Defendant filed a response in opposition (D.E. 43) to the motion supported by a declaration (D.E. 44). In its response, defendant advances arguments on behalf of itself and Educate Online, although the counsel who filed the response did so solely in the name of defendant. No attorney has otherwise entered an appearance on behalf of Educate Online. Plaintiff identifies the discovery requests subject to her motion as: interrogatories nos. 1-4 and 7-

---

[1] The Local Civil Rules required that the motion and memorandum be filed as separate documents. See Loc. Civ. Rule 7.1(e), E.D.N.C. In its discretion, the court is addressing the motion on the merits notwithstanding this deficiency. Further noncompliance could result in summary denial of the noncompliant, imposition of sanctions, or both.

[2] Plaintiff refers to the marketing agent as Educate Online whereas defendant refers to it as Meteor Learning, Inc., which plaintiff identifies as a trade name for Educate Online. *See* Mot. 2 (referring to "Educate Online (a/k/a Meteor Learning"). For ease of reference, the court will use the name Educate Online.

13; requests for production nos. 2-7, 17-19, 21-23, 25, 27-28, 30-32, 36-37, and 43-44; document requests nos. 2, 4, 5, and 7-20 in the subpoena; and deposition topics nos. 2, and 5-12 in the subpoena. *See* Def.'s Mem. 5. For the reasons set forth below, the motion will be allowed.

## I. BACKGROUND

Plaintiff, a former student at Austin Community College ("ACC"), commenced this lawsuit as a result of two unsolicited telephone calls she alleges she received on her cell phone on 13 September and 14 September 2017. Compl. (D.E. 1) ¶¶ 23-24. According to plaintiff, the autodialed calls were made on behalf of defendant and urged plaintiff to contact defendant to learn about its nursing program, notwithstanding the fact that plaintiff's cell phone number was registered on the National Do Not Call Registry. *Id.* ¶¶ 20, 23. Plaintiff alleges that while enrolled at ACC she signed a document informing her that ACC would not share or sell her personal information. *Id.* ¶ 22. She contends that defendant placed these unsolicited calls to her without her express written consent in violation of the TCPA. *Id.* ¶ 19.

Plaintiff brings this action on behalf of herself and putative class members similarly situated. *Id.* ¶ 33. Specifically, in her complaint, plaintiff proposes to assert her claims on behalf of the following two classes:

> **Autodialed No Consent Class**: All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who (1) Defendant (or a third person acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

2

*Id.* ¶ 33. Plaintiff asserts two claims: the first for violation of the TCPA on behalf of herself and the autodialed No Consent Class (*id.* ¶¶ 39-45), and the second under the same statute on behalf of herself and the Do Not Call Registry Class (*id.* ¶¶ 46-56).

Defendant denies the material allegations in plaintiff's complaint. *See generally* Ans. & Am. Aff. Defs. (D.E. 22). Among other defenses, defendant asserts that plaintiff and other purported class members consented to receipt of its telephone calls. *See, e.g,. id.* Def.'s 5th Am. Aff. Def. ("Plaintiff's claims are barred, in whole or in part, because she and/or the putative class members provided consent to receive phone calls."), Def.'s 6th Am. Aff. Def. ("The claims asserted by the putative class, or some of them, are barred, in whole or in part, because such class members provided written consent to receive communications from Defendant.").

On 21 March 2018, plaintiff served on defendant her first set of interrogatories and first requests for production. *See* Interrogs. (D.E. 42-1 at 8-17); Prod. Reqs. (D.E. 42-1 at 1-7). On 25 May 2018, defendant responded to plaintiff's interrogatories and production requests. *See* Resps. to Interrogs. (D.E. 42-1 at 51-67); Resps. to Prod. Reqs. (D.E. 42-1 at 23-50). On 27 April 2018, plaintiff served a subpoena on Educate Online, pursuant to Federal Rule of Civil Procedure 30(b)(6), seeking deposition testimony and documents from it. *See* Subp. (D.E. 42-1 at 18-22). On 16 May 2018, Educate Online served objections and responses to plaintiff's subpoena.[3] *See* Objs. & Resps. to Subp. (D.E. 42-1 at 69-84).

The instant motion seeks production from defendant and Educate Online of information and documents relating to persons at schools other than ACC who received any cellular telephone calls from or on behalf of defendant, including information and documents relating to the calls to such persons. Plaintiff has demonstrated that she adequately attempted to resolve the matters at

---

[3] The court assumes that the deposition has not yet been taken.

3

issue on her motion without court intervention through pre-filing conferral with defendant and Educate Online about their objections to producing the information and documents sought in her motion. *See* Mot. 12; Fed. R. Civ. P. 37(a)(1); Loc. Civ. R. 7.1(c), E.D.N.C.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("'[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion.'" (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

4

Rule 33 governs interrogatories. Fed. R. Civ. P. 33. It requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. *Id.*(b)(3).

Rule 34 governs requests for production of documents. Fed. R. Civ. P. 34. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." *Id.*(b)(2)(C).

Rule 30 governs depositions. Fed. R. Civ. P. 30. It permits a notice of deposition to be served on a nonparty entity, including a corporation, and requires that the notice describe with reasonable particularity the matters for examination. *Id.*(b)(6).

Rule 45 prescribes requirements for issuing and responding to subpoenas. *See generally* Fed. R. Civ. P. 45. The rule permits a party to issue a subpoena to a nonparty to attend a deposition and produce documents. *See, e.g., id.*(a)(1)(A)(ii), (C); *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). A nonparty may respond as requested, serve objections, or timely file a motion to quash or modify the subpoena *duces tecum*. Fed. R. Civ. P. 45(d)(2)(B), (3), (e).[4]

---

[4] Generally, a party lacks standing to challenge a subpoena issued to a nonparty. *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 382 (S.D.W. Va. 12 Jul. 2012). However, a party may move to quash a subpoena to a nonparty where production of documents in which the movant has some personal right or privilege is at issue. *In re C & M Investments of High Point Inc.*, No. 13-10661, 2015 WL 661177, at *2 (Bankr. M.D.N.C. 11 Feb. 2015) ("Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." (quoting *United States. v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005)); *see also Jason's Enters., Inc. v. Gen, Acc. Ins. Co. of Am.*, Nos. 95-2553, 95-2554, 1996 WL 346515, at *5 (4th Cir. 25 June 1996); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2549 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."). Plaintiff does not challenge defendant's standing to challenge the subpoena to Educate Online. In addition, there appears to be no dispute that in the events at issue in the complaint Educate Online was acting on behalf of defendant. The court concludes that the record adequately shows defendant to have standing to challenge the subpoena to Educate Online.

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It also requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. DISCUSSION

Defendant and Educate Online contend that the discovery requests subject to plaintiff's motion exceed the permissible scope of discovery by seeking information and documents relating to persons at schools other than ACC who received any cellular telephone calls from or on behalf of defendant. Plaintiff contends that information and documents relating to persons at schools other than ACC who received any cellular telephone calls from or on behalf of defendant are properly discoverable.

Defendant bases its contention on the definitions of both classes proposed by plaintiff. As indicated, both proposed classes are defined as being composed of recipients of cellular telephone calls from or on behalf of defendant for whom defendant claims it obtained prior express consent to call "in the same manner" as defendant claims it obtained prior express consent to call plaintiff. Compl. ¶ 33. Defendant argues that the manner in which it obtained consent to call plaintiff was unique to students at ACC and therefore inapplicable to call recipients (*i.e.*, persons who received

6

any cellular telephone calls from or on behalf of defendant) at other schools. Specifically, defendant purportedly obtained plaintiff's cellular telephone number through a public request for directory information, including telephone numbers, under the Family Educational Rights & Privacy Act, 20 U.S.C. § 1232g ("FERPA"). Plaintiff allegedly consented to the release of her directory information, pursuant to regulations under FERPA, 34 C.F.R. § 99.37,[5] by not submitting to the appropriate office at ACC the form used by ACC to request that ACC withhold the directory information from public disclosure. Defendant argues that the ACC form and procedure are appropriately deemed unique to ACC because there are no uniform forms or procedures under FERPA for a person to object to disclosure of the person's directory information. Because other persons at ACC are the only persons for whom defendant claims it obtained prior express consent to call "in the same manner" as defendant claims it obtained prior express consent to call plaintiff, the proposed classes do not include call recipients at other schools.

Plaintiff contends that defendant and Educate Online are reading the proposed class definitions too narrowly. She argues that the gravamen of the manner in which defendant claims

---

[5] This regulation provides:

> (a) An educational agency or institution may disclose directory information if it has given public notice to parents of students in attendance and eligible students in attendance at the agency or institution of:
> (1) The types of personally identifiable information that the agency or institution has designated as directory information;
> (2) A parent's or eligible student's right to refuse to let the agency or institution designate any or all of those types of information about the student as directory information; and
> (3) The period of time within which a parent or eligible student has to notify the agency or institution in writing that he or she does not want any or all of those types of information about the student designated as directory information.
> (b) An educational agency or institution may disclose directory information about former students without complying with the notice and opt out conditions in paragraph (a) of this section. However, the agency or institution must continue to honor any valid request to opt out of the disclosure of directory information made while a student was in attendance unless the student rescinds the opt out request.

34 C.F.R. § 99.37(a), (b).

it received consent to call her was submission of a public request for directory information under FERPA. Thus, persons at schools other than ACC for whom defendant claims it obtained prior express consent to call by means of a request for directory information under FERPA should be deemed to have had their alleged prior express consent obtained "in the same manner" as plaintiff. Accordingly, the proposed class definitions should be read as including any school to which defendant or a third party on its behalf submitted a request for directory information under FERPA.

While differences in the disclosure processes among schools may ultimately result in some call recipients falling outside of plaintiff's proposed classes, the presence of such differences does not justify wholesale shielding of the information during discovery, as urged by defendant and Educate Online. Nor is it appropriate at this stage of the litigation to define the parameters of plaintiff's proposed classes based on defendant's interpretation of the language used by plaintiff, when plaintiff is stating that she intended the phrase "in the same manner" to encompass the process of obtaining alleged consent to call for persons at schools other than ACC. Arguably the language is ambiguous, but to close off the discovery sought by plaintiff based on an interpretation contrary to her stated intention would be unjust. *See Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *4 (D. Mass. 27 Feb. 2019) ("Courts often permit discovery of records related to the telephone numbers at issue in TCPA cases."); *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 243 (N.D. Ohio 2017) (allowing motion to compel production of information in TCPA case relating to other calls made by defendant where "[t]he information that Plaintiff seeks is relevant to establishing the size and nature of the class that she wants to represent").

Defendant further argues that plaintiff has failed to show that a class action including call recipients beyond those whose telephone numbers were obtained from ACC is even maintainable.

Notably, a class has not yet been certified in this case and discovery is ongoing.[6] The court will not circumvent the certification process on a discovery motion by prematurely accepting defendant's position as to the viability of the parameters of the putative class.

The court has considered the burden that the additional discovery sought by plaintiff would place on defendant and Educate Online, the volume of discovery that they have already provided, and the proportionality of the additional discovery sought to the needs of this case. The court concludes that these considerations do not place the additional information and documents plaintiff seeks by her motion outside the permissible scope of discovery in this case.

## IV. CONCLUSION

In sum, for the reasons stated, IT IS ORDERED as follows:

1. Plaintiff's motion to compel (D.E. 42) is ALLOWED.

2. Defendant may not withhold from production any information requested in interrogatories nos. 1-4 and 7-13 or any documents requested in requests for production nos. 2-7, 17-19, 21-23, 25, 27-28, 30-32, 36-37, and 43-44 on the grounds that such information or documents relate to call recipients at schools other than ACC. For purposes of this Order, information or documents shall be deemed to relate to such a call recipient if they relate to any such call to the call recipient.

3. In the event that the directive in the preceding paragraph 2 makes producible information or documents that defendant has not yet produced in response to interrogatories nos. 1-4 and 7-13 or requests for production nos. 2-7, 17-19, 21-23, 25, 27-28, 30-32, 36-37, and 43-44, defendant shall serve on plaintiff by 26 November 2019: (a) a supplemental response to the interrogatories involved that sets out such additional information; and (b) a supplemental response

---

[6] Pursuant to the amended Case Management Order ("CMO"), plaintiff's deadline to file a class certification motion is 17 January 2020. Am. CMO (D.E. 49) ¶ 3.

9

to the requests for production involved that identifies by Bates number or otherwise the additional documents being produced and is accompanied by copies of all such documents.

4. Topics nos. 2 and 5-12 in the subpoena to Educate Online shall be deemed to include any information otherwise within the scope of such topics that relates to call recipients at schools other than ACC.

5. Educate Online may not withhold from production any documents requested in document requests nos. 2, 4, 5, and 7-20 in the subpoena on the grounds that such documents relate to call recipients at schools other than ACC.

6. In the event that the directive in the preceding paragraph 5 makes producible documents that Educate Online has not yet produced in response to document requests nos. 2, 4, 5, and 7-20 in the subpoena to it, Educate Online shall serve on plaintiff by 26 November 2019 copies of all such additional documents.

7. Because the circumstances presented would make an award of expenses unjust, the parties and Educate Online shall bear their own expenses incurred on plaintiff's motion.

SO ORDERED, this 12th day of November 2019.

James E. Gates
United States Magistrate Judge