IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-629-FL

| | | |
|---|---|---|
| DEANNA HICKS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| HOUSTON BAPTIST UNIVERSITY, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter comes before the court on defendant's motion for reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). (DE 54). The issues raised have been fully briefed by the parties, and in this posture are ripe for ruling. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

Plaintiff initiated this case on December 20, 2017, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff, on behalf of herself and those similarly situated, claims that defendant used an autodialer to place phone calls to her cell phone without her prior express written consent. She seeks to certify the following class:

> All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

(Compl. ¶ 33).[1] After its address of Upon decision on After determining that the court has personal jurisdiction over defendant, the case proceeded to discovery. (DE 37).

On March 25, 2019, plaintiff filed the instant motion to compel, seeking defendant's responses to requests for production nos. 2–7, 17–19, 21–23, 25, 27–28, 30–32, 36–37, 43–44; defendant's responses to interrogatories nos. 1–4, 7–13; third-party Educate Online's responses to document requests nos. 2, 4, 5, 7–20; and Educate Online's responses Rule 30(b)(6) deposition topics nos. 2, 5–12.[2] (See Discovery Requests and Responses (DE 42-1)). Plaintiff argues that the proposed discovery addresses is directly relevant to the class claims in this case, which may include students other than those at Austin Community College whose contact information was obtained through public records requests made pursuant to the Federal Educational Rights and Privacy Act ("FERPA").

In opposition, defendant argued that plaintiff's motion exceeds the scope of discovery and is unduly burdensome. Defendant contended that the class definition proposed by plaintiff could never include individuals other than those at Austin Community College. Defendant relies upon deposition testimony from Linda Terry ("Terry"), an employee of Austin Community College that handles public information requests for directory information under FERPA.

On November 12, 2019, the magistrate judge issued his order granting the motion to compel. The magistrate judge reasoned that, while differences in disclosure processes among schools may ultimately result in some call recipients falling outside of plaintiff's proposed classes, such differences do not justify shielding information regarding students at other schools from

---

[1]  Plaintiff voluntarily dismissed her individual and class claims for receiving calls after being placed on the national do not call registry.

[2]  Educate Online, defendant's marketing agent, is also known as Meteor Learning, Inc.

discovery. Along similar lines, the magistrate judge held that it would be improper to define the meaning of "in the same manner" and limit class discovery at this juncture. Finally, the magistrate judge concluded that the discovery sought was proportional to the needs of the case.

Shortly thereafter, defendant filed the instant motion for reconsideration. On November 26, 2019, the court stayed case activities pending its ruling on the instant motion.

## DISCUSSION

A.  Standard of Review

A district court may designate a magistrate judge to hear and decide any "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Upon timely objection by a party, the court must modify or set aside any part of a magistrate judge's order that is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); see also Local Civil Rule 72.4(a). "A factual finding is clearly erroneous when [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" TFWS, Inc. v. Franchot, 572 F.3d 186, 196 (4th Cir.2009) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). Although the "contrary to law" standard permits plenary review of legal conclusions, see PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010), decisions related to discovery disputes and scheduling are accorded greater deference. See, e.g., In re Outsidewall Tire Lit., 267 F.R.D. 466, 470 (E.D. Va. 2010).

B.  Analysis

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Defendant does not argue that the information sought from it and Educate Online is privileged.

Rather, it argues that the information sought is not relevant and not proportional to the needs of the case. The court turns its attention first to the question of relevance, then to the question of proportionality and undue burden.

1. Relevance

"A discovery request is relevant if there is any possibility that the information sought might be relevant to the subject matter of [the] action." Mach. Sols., Inc. v. Doosan Infracore Am. Corp., 323 F.R.D. 522, 526 (D.S.C. 2018) (internal quotations omitted). "Relevant matters are therefore ones which relate to a party's claim or defense and include information about persons who know of such relevant matters." Marfork Coal Co. v. Smith, 274 F.R.D. 193, 203 (S.D.W. Va. 2011). "Relevance is not, on its own, a high bar. There may be a mountain of documents and emails that are relevant in some way to the parties' dispute, even though much of it is uninteresting or cumulative." Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 188–89 (4th Cir. 2019).

The Federal Rules establish four factual predicates necessary for any class claim to proceed: "numerosity, commonality, typicality, and adequacy of representation."[3] Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 337 (4th Cir. 1998) (citing Fed. R. Civ. P. 23(a)). "[I]t is essential that a plaintiff be afforded a full opportunity to develop a record containing all the facts pertaining to the suggested class and its representatives." Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1268 (4th Cir. 1981). Thus, discovery pertaining to numerosity, commonality, typicality, and adequacy of representation is relevant to the class certification inquiry. See, e.g., EQT Prod. Co. v. Adair, 764 F.3d 347, 355

---

[3] Rule 23(b)(3) also requires a finding that class issues predominate over individual issues.

(4th Cir. 2014); Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 109 (4th Cir. 2013); Harris v. Ballone, 681 F.2d 225, 229 (4th Cir. 1982).

The TCPA was enacted to place limitations on telemarketing calls. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372–75 (2012) (describing the TCPA's statutory scheme). The TCPA makes it unlawful "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). However, the same provision also exempts from its sweep "a call . . . made with the prior express consent of the called party." Id.; see Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n, 923 F.3d 159, 169 (4th Cir. 2019) ("Because consent generally diminishes any expectation of privacy, phone calls that qualify for the consent exemption are less intrusive than other automated calls."). In pertinent part, the TCPA's implementing regulations clarify that the exemption applies to "a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization." 47 C.F.R. § 64.1200(a)(2).[4]

"The Family Educational Rights and Privacy Act ("FERPA") is a federal law that protects the privacy rights of students in their educational records." Doe v. Roe, 295 F. Supp. 3d 664, 678 (E.D. Va. 2018). FERPA defines "directory information" to include certain information related to a student, including their name, address, and telephone listing. 20 U.S.C. § 1232g(a)(5)(A). The statute requires educational institutions providing public directory information to "give public notice of the categories of information which it has designated as such information with respect to each student attending the institution" and "allow [parents or eligible students] a reasonable period

---

[4] The parties dispute whether defendant is a tax-exempt nonprofit organization that is not required to obtain prior express written consent under the TCPA. The court does not resolve this issue here.

of time after such notice has been given . . . to inform the institution or agency that any or all of the information designated should not be released without [] prior consent." Id. § 1232g(a)(5)(A); 34 C.F.R. § 99.37(a). Moreover, "[a]n educational agency or institution may disclose directory information about former students without complying with the notice and opt out conditions" required by § 99.37(a), so long as they honor any previous opt out request made while the student was in attendance. 34 C.F.R. § 99.37(b). Provided an educational institution complies with these requirements, FERPA regulations allow student directory information to be disclosed without that student's prior written consent. 34 C.F.R. § 99.31(a)(11); see 34 C.F.R. § 99.30 (requiring a signed and dated written consent to disclose personally identifiable information).

In the instant case, plaintiff seeks discovery regarding the following putative class:

> All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

(Compl. ¶ 33). The information sought from plaintiff regarding other individuals at schools other than Austin Community College is certainly relevant to plaintiff's class claims. Identifying the individuals contacted by defendant or Educate Online to advertise defendant's educational programs is relevant to numerosity. More importantly, discovery of contact information obtained from other schools and how that information was obtained is relevant to typicality and commonality.

Defendant argues that it obtained "prior express consent" from plaintiff because Austin Community College disclosed public directory information pursuant to FERPA's notice provisions, where plaintiff was advised of her right to withhold her public directory information

but did not do so. See 34 C.F.R. § 99.37(a). However, FERPA's own implementing regulations describes such disclosures as "without consent." 34 C.F.R. § 99.31(a)(11). The court requires a complete record to rule on the factual predicates of class certification, because the apparent conflict between FERPA's characterization of disclosure of directory information as "without consent" and the TCPA's defense of "prior express consent" suggests that plaintiff's use of the phrase "in the same manner" could encompass any individual contacted by defendant through means of a public records request allowed by FERPA.

Defendant argues that the process each school uses to implement FERPA's directory information disclosure requirements is different, and thus discovering information pertaining to other schools is irrelevant in the present action. Defendant's argument is unpersuasive for two reasons. First, the court has no way of knowing if the other contacted schools use substantially identical FERPA disclosure processes to Austin Community College until after class discovery. Second, the court agrees with the magistrate judge's assessment that it is improper to impose a limit on class discovery at this juncture on the basis that it is not relevant to class certification.

The issue in this case is not what process a school uses to satisfy the regulatory requirements of FERPA for disclosure of directory information. The issue is whether, in obtaining student directory information from schools through public records requests permitted under the notice and opportunity to opt out provisions of FERPA, defendant obtained prior express consent (or prior express written consent) sufficient to satisfy the requirements of the TCPA. See, e.g., Gorss Motels, Inc. v. Safemark Sys., LP, 931 F.3d 1094, 1100 (11th Cir. 2019) (finding express permission where plaintiff signed a franchise agreement providing defendant and its affiliates "may offer optional assistance to [plaintiff] with purchasing items used at or in the Facility");

Fober v. Mgmt. & Tech. Consultants, LLC, 886 F.3d 789, 793 (9th Cir. 2018) (finding consent where, on an enrollment form, plaintiff provided her phone number and agreed third party could disclose her information "for purposes of treatment, payment and health plan operations, including but not limited to, utilization management, quality improvement, disease or case management programs"); Latner v. Mount Sinai Health Sys., Inc, 879 F.3d 52, 55 (2d Cir. 2018) (finding consent where plaintiff signed a form providing that defendant could share his information for "treatment" purposes, and could use plaintiff's information "to recommend possible treatment alternatives or health-related benefits and services"); Blow v. Bijora, Inc., 855 F.3d 793, 803 (7th Cir. 2017) (finding consent where plaintiff texted "AKIRA" to short code 46786 on October 1, 2009 in order to opt into Akira's text program).

Defendant argues that, even if plaintiff is correct and disclosures made pursuant to the opt-out provisions of FERPA are not sufficient to establish prior express consent, whether and to what extent class members consented to be contacted implicates constitutional standing to sue under the TCPA. The United States Court of Appeals for the Fourth Circuit recently rejected a similar challenge to a class claim under the TCPA. Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 652–54 (4th Cir. 2019). Accordingly, the court is unpersuaded by defendant's standing argument.

Defendant may contest the typicality or commonality of plaintiff's claims and dispute the meaning of "in the same manner" in opposition to a motion for class certification on a complete record. However, the magistrate judge's ruling that the discovery requested is relevant to class certification is neither clearly erroneous nor contrary to law.

  2. Proportionality and Undue Burden

Generally, the proportionality of discovery requests is evaluated by weighing "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Where, as here, the proposed discovery includes in part subpoenas to nonparties under Fed. R. Civ. P. 45, "[a] more demanding variant of the proportionality analysis . . . applies." Jordan, 921 F.3d at 189. In measuring the benefits of the proposed discovery, the court must evaluate the additional value of the discovery beyond what the requesting party already has, and the availability of the information from other sources. Id. In weighing the costs, the court should consider financial costs, privacy or confidentiality interests of the subpoena recipient and others that might be affected, and whether the subpoena is overbroad. Id. at 189–190.

The information that plaintiff seeks, including the schools defendant and Educate Online obtained contact information from and who they solicited, is peculiarly within the control of defendant and Educate Online. Without such class discovery, plaintiff is left to guess the individuals that may properly be considered members of the putative class. In sum, the additional benefit of the information plaintiff requests is significant for the reasons discussed by the court in evaluating the relevance of plaintiff's requests.

Turning to the costs, producing the discovery requested by plaintiff certainly imposes a burden on defendant and Educate Online. Defendant indicates that over 8,000 call recordings and hundreds of pages of responsive documents have already been produced. Moreover, Educate Online is an entity that is not a party to this action. However, defendant does not offer any evidence

regarding how much cost the additional discovery would potentially impose, instead choosing to hinge its proportionality argument on plaintiffs' proposed class definition. The privacy interests of the call recipients also are not implicated here, because the directory information allegedly obtained by defendant and Educate Online was obtained through public records requests. See 34 C.F.R. § 99.31(a)(11).

Weighing benefits of the proposed discovery against the costs, the requested discovery is proportional to the needs of the case and not an undue burden. Although defendant comes forward with the amount of discovery produced thus far, it provides no estimation of the time, cost, or effort involved to produce plaintiff's requested discovery. Furthermore, the requested discovery is highly probative in the class certification inquiry. Therefore, the magistrate judge's determination is neither clearly erroneous nor contrary to law.

## CONCLUSION

Based on the foregoing, defendant's motion for reconsideration (DE 54) is DENIED. Defendant and Educate Online are ORDERED to produce discovery as set forth in the magistrate judge's order (DE 51). Where the magistrate judge set deadlines for November 26, 2019, defendant and Educate Online have 14 days from the date of this order to comply with plaintiff's discovery requests. The court LIFTS stay on pending case activities. Counsel is reminded to review the court's order entered November 26, 2019 (DE 55) for critical deadlines and information.

SO ORDERED, this the 17th day of January, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge