IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-cv-00629-FL

| | |
|---|---|
| DEANNA HICKS,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>v.<br><br>HOUSTON BAPTIST UNIVERSITY,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PRELIMINARY APPROVAL ORDER

This Court has reviewed the motion for preliminary approval of class settlement filed in this Action, including the Settlement Agreement and Release ("Settlement Agreement").[1] Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

    **1.**    The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

    **2.**    The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

    **3.**    The Notice and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notice and forms are

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

4. For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

5. For settlement purposes only, Plaintiff's claims are typical of the Settlement Class' claims.

6. For settlement purposes only, there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Settlement Class Members.

7. For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

8. **Settlement Approval**. The Settlement Agreement, including the Notice and Claim Form attached to the Settlement Agreement as Exhibits 1-2 are preliminarily approved.

9. **Appointment of the Settlement Administrator and the Provision of Class Notice**. KCC LLC is appointed as the Settlement Administrator. The Settlement Administrator will notify Class Members of the settlement in the manner specified under Section VII of the Settlement Agreement. The Court further finds that the Notice Program described in the Settlement Agreement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and the request for service award for Plaintiff, the claim process, and their rights to opt-out of the Settlement Class or object to the Settlement. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable

requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

10. **Claim for a Settlement Award**. Class Members who want to receive an award under the Settlement Agreement must accurately complete and submit a Claim Form to the Settlement Administrator 30 days prior to the Final Approval Hearing, as specified in the Notice.

11. **Objection to Settlement**. Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payment must submit written objections to the Clerk of the Courtpostmarked not less than 30 days prior to the Final Approval Hearing. Any objection regarding or related to the Settlement Agreement must include: a. the objector's full name, address, telephone number, and telephone number at which the HBU Call(s) was (were) received; b. an explanation of the basis upon which the objector claims to be a member of the Settlement Class; c. the grounds for the objection, accompanied by legal support for the objection, if any; d. the identity of any counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application or who will appear at the Final Approval Hearing; and e. the objector's signature (an attorney's signature is not sufficient). Any Class Member who timely submits a written objection, as described in this paragraph, has the option to appear at the Final Approval Hearing, either in person or through personal counsel, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, the Service Payment, or to the Fees, Costs, and Expenses Award. Only Settlement Class Members who submit timely objections may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

**12.     Failure to Object to Settlement.**  Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

**13.     Requesting Exclusion**.  Settlement Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement.  Individual requests for exclusion may be submitted to the Settlement Administrator by postal mail. No mass opt-outs are allowed.  All requests for exclusion must be in writing and must: a. state the member of the Settlement Class's full name, email address, address, and telephone number(s) at which the HBU Calls were received; b. state that the member of the Settlement Class requests exclusion from, or "opts-out" of, the Settlement; c. be dated; and d. be signed by the member.  A request for exclusion must be submitted not less than 30 days prior to the Final Approval Hearing.

**14.     Provisional Certification**.  The Settlement Class is provisionally certified as a class of: All regular users or subscribers of numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, radio common carrier service, or any service for which the called party is charged for the call that, between December 20, 2013 and the date of Preliminary Approval, (a) were called to solicit to enroll in an HBU degree program; (b) using the Five9 Virtual Call Center system; (c) whose telephone number was obtained through a public records request under FERPA; and (e) who did not enroll in or apply for an HBU degree program.

**15.     Conditional Appointment of Class Representative and Class Counsel**.  Plaintiff is conditionally certified as the class representative to implement the Parties' settlement in accordance with the Settlement Agreement.  The law firms of Kaufman P.A. and The Law Offices of Stefan Coleman, P.A. are conditionally appointed as Settlement Class Counsel.  Plaintiff and Settlement Class Counsel must fairly and adequately protect the Settlement Class' interests.

**16. Stay of Other Proceedings**. The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement are stayed pending the Final Approval Hearing and issuance of any Final Order and Judgment.

**17. Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Plaintiff and Settlement Class Counsel will stop functioning as the class representative and class counsel, respectively, except to the extent previously appointed by the Court; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator. Neither the settlement nor this Order will waive or otherwise impact the Parties' rights or arguments. Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, any Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

**18. No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**19. Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

**20.     Modifications.** Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.  The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein.  The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

**21.     Final Approval Hearing**.  On June 2, 2021, at 1:00 p.m., this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  Plaintiff's motion in support of the Final Judgment shall be filed on or before forty-five (45) calendar days before the Final Approval Hearing.  This Court may order the Fairness Hearing to be postponed, adjourned, held remotely, or continued.  If that occurs, the Parties will not be required to provide any additional notice to Settlement Class Members.

**22.     Summary Timeline.**  The Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| | |
|---|---|
| Settlement Administrator provides Initial Mailed Notice to Settlement Class Members | On or before 30 days after entry of this Order |
| Last day for Settlement Class Members to submit Claim Forms, object, or request exclusion from the Settlement Class | On or before 30 days before Final Approval Hearing |
| Last day for Settlement Class Counsel to file motion in support of Final Approval | On or before 45 days before Final Approval Hearing |
| Final Approval Hearing | June 2, 2021, at 1:00 p.m. |

SO ORDERED this 29th day of January, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge